## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

COLIN PAUL SUTHERLAND, individually and on behalf of all others similarly situated,
Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION ("SEC") – 100 F Street NE, Washington, DC 20549

CITADEL SECURITIES LLC – 131 South Dearborn Street, Chicago, IL 60603

VIRTU FINANCIAL INC. – One Liberty Plaza, 165 Broadway, New York, NY 10006

JANE STREET GROUP LLC – 250 Vesey Street, 6th Floor, New York, NY 10281

SUSQUEHANNA INTERNATIONAL GROUP LLP – 401 City Avenue, Suite 220, Bala Cynwyd, PA 19004

INVESCO LTD. – 1555 Peachtree Street NE, Suite 1800, Atlanta, GA 30309

and JOHN DOES 1–100 (Market Makers),

Defendants.

Civil Action No. _____
CLASS ACTION COMPLAINT
(Jury Trial Demanded)

## I. INTRODUCTION

1. Plaintiff brings this class action on behalf of investors harmed by systematic algorithmic manipulation of securities markets through laddered price controls and zero-bid/zero-ask inefficiencies that serve as predefined markers for future price delivery.

2. The Securities and Exchange Commission ("SEC") has failed to investigate or disclose the presence of these algorithmic mechanisms despite data showing identical digital signatures across multiple securities. These anomalies contradict the SEC's mandate of maintaining 'fair, orderly, and efficient markets.'

3. Market makers—including Citadel Securities, Virtu Financial, Jane Street, Susquehanna International Group, and Invesco Ltd.—deploy automated systems that deliberately engineer gaps in price discovery by allowing moments where both the bid and ask simultaneously read as zero, leaving a digital 'marker' in the order book. These markers signal algorithmic return points—zones where the market maker intends to reengage liquidity at a later predefined time interval.

4. The resulting market dynamic is not free or efficient. It is a synthetic trading environment where algorithms create artificial 'bubbles' and 'voids' for later exploitation. When prices skip defined ladder steps, the void becomes a programmed inefficiency. The algorithm later returns to that level to extract value through spreads, short-term volatility, or options decay—creating a closed profit loop for insiders.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 9(a), 10(b), and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(a), 78j(b), and 78t(a), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

6. Venue is proper in this District under 28 U.S.C. § 1391, as major defendants conduct substantial trading and maintain operations within this jurisdiction.

## III. PARTIES

7. Plaintiff: Colin Paul Sutherland, an individual investor acting on behalf of all similarly situated participants in U.S. securities markets.

8. Defendant SEC: The U.S. Securities and Exchange Commission, charged with ensuring fair and efficient markets.

9. Defendants Citadel Securities LLC, Virtu Financial Inc., Jane Street Group LLC, Susquehanna International Group LLP, and Invesco Ltd. are primary market-making and asset-management firms that exert disproportionate control over order flow and liquidity in U.S. equities and ETFs.

10. John Does 1–100: Additional algorithmic liquidity providers and affiliated entities whose participation in the laddering scheme will be determined through discovery.

## IV. FACTUAL ALLEGATIONS

11. Analysis of historical tick data shows that securities prices frequently follow a fixed numerical sequence. These increments correspond to predetermined algorithmic magnet levels, not organic trading behavior.

12. During delivery cycles, algorithms often skip intermediate levels, leaving blank zones in which the bid and ask both register zero—creating what market technicians identify as 'voids.' These voids act as markers that predefine future return points for algorithmic re-engagement.

13. By deliberately engineering such voids, market makers generate controlled inefficiencies that allow for later capture of arbitrage profits and volatility spreads. This practice results in artificial liquidity bubbles that expand and contract based on the timing of the algorithmic return to the marker.

14. The SEC has failed to address or publicly acknowledge these non-random structures, despite access to complete order-book data. This omission represents gross negligence in fulfilling its statutory obligation to maintain genuine market efficiency.

15. The pattern mirrors manipulative behaviors prosecuted in United States v. Coscia, 866 F.3d 782 (7th Cir. 2017), and recognized in In re Barclays Liquidity Cross & High Frequency Trading Litigation, 126 F. Supp. 3d 342 (S.D.N.Y. 2015).

16. Additional Allegation – Jane Street Example. As further support for the systemic nature of the conduct alleged herein, regulators abroad, including the Securities and Exchange Board of India (SEBI), found that Jane Street and affiliated entities executed a near-identical algorithmic scheme in respect of the Bank Nifty index on expiry dates—purchasing underlying stock and futures in the morning to force an artificial upward index shift, then unwinding and profiting on options positions once the distortion was complete.

17. The sequence of trades, as described in SEBI's interim order, mirrors the structural laddering and void-creation process alleged in this Complaint—inducing distortions in order-book liquidity and price levels (including skipped levels and zero-marker bid/ask inefficiencies) for later value extraction.

18. The existence of this parallel regulatory matter underscores that major market-making entities operate algorithm-driven systems capable of generating pre-planned price outcomes across jurisdictions—and that U.S. regulators, including the defendant SEC, have failed to detect or curtail such misuse in domestic markets.

19. Accordingly, while this Complaint focuses on U.S. securities markets and the laddering interval between, the Jane Street precedent provides a cross-jurisdictional corroborative instance of the same mechanics: delivery to predetermined numeric levels and creation of pricing inefficiencies for profit extraction.

## V. CAUSES OF ACTION

COUNT I – Market Manipulation (15 U.S.C. § 78i(a)(2)): Defendants conspired to manipulate securities markets through coordinated laddering, zero-bid/ask voids, and algorithmic return patterns.

COUNT II – Securities Fraud (§ 10(b) and Rule 10b-5): Defendants used deceptive mechanisms to misrepresent market efficiency and to generate artificial price movements for profit.

COUNT III – Control Person Liability (§ 20(a)): Senior executives exercised authority over these systems and are liable for resulting misconduct.

COUNT IV – Breach of Statutory Duty (SEC): The SEC's inaction constitutes negligence and breach of its fiduciary obligation to protect investors.

COUNT V – Unjust Enrichment: Defendants retained profits derived from algorithmic manipulation at the expense of the investing public.

## VI. PRAYER FOR RELIEF

Plaintiff seeks:

a. Class certification under Fed. R. Civ. P. 23;

b. Disclosure of all algorithmic trading parameters used by defendants;

c. Restitution and disgorgement of illicit profits;

d. An injunction prohibiting continued use of laddering and zero-marker practices;

e. Compensatory and punitive damages;

f. Legal fees and costs; and

g. Any other relief deemed just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*Dated: November 4, 2025*

*Respectfully submitted,*

*Colin Sutherland*
*COLIN PAUL SUTHERLAND*

*cpsutherland@gmail.com*

*Pro Se or By Counsel*

*Filed in the United States District Court, Southern District of New York, 2025.*

**Exhibit A**

## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

COLIN PAUL SUTHERLAND, individually and on behalf of all others similarly situated, Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION ("SEC") – 100 F Street NE, Washington, DC 20549

CITADEL SECURITIES LLC – 131 South Dearborn Street, Chicago, IL 60603

VIRTU FINANCIAL INC. – One Liberty Plaza, 165 Broadway, New York, NY 10006

JANE STREET GROUP LLC – 250 Vesey Street, 6th Floor, New York, NY 10281

SUSQUEHANNA INTERNATIONAL GROUP LLP – 401 City Avenue, Suite 220, Bala Cynwyd, PA 19004

INVESCO LTD. – 1555 Peachtree Street NE, Suite 1800, Atlanta, GA 30309

and JOHN DOES 1–100 (Market Makers),

Defendants.

Civil Action No. _____
CLASS ACTION COMPLAINT
(Jury Trial Demanded)

## EXHIBIT A – Footprint Evidence of Algorithmic Zero-Bid/Ask Markers and Voids

This Exhibit provides visual evidence of algorithmic void creation within U.S. equity markets. Each footprint chart below displays intervals where the bid and ask simultaneously registered as zero ('0/0'), indicating no trades occurred at those levels. The black-shaded regions represent algorithmically engineered inefficiencies, or 'markers,' which act as digital coordinates for future price re-engagement under Defendants' laddering algorithms. These visuals support the Plaintiff's contention that market makers intentionally withdraw liquidity at predefined numeric bands to generate artificial volatility cycles for later arbitrage profit.



Figure 1 – PLTR Footprint Chart Evidence of Zero Bid/Ask Marker (Exhibit B)
(Black-shaded zones indicate algorithmic voids acting as digital markers for later re-engagement.). Green line indicates area where price has never been discovered.

Figure 2 – Footprint Chart Evidence of Zero trade



PLTR footprint showing zero trades at $51.60, thus skipping price levels.

$QQQ – Has never traded in range between 618 and 621, thus skipping price levels



Footprint Chart Evidence of Zero Bid/Ask Marker – Invesco $QQQ

(Black-shaded zones indicate algorithmic voids acting as digital markers for later re-engagement.)



$ORCL skupped price levels, never exploring shaded areas for price discovery resulting in manipulation



$ORCL gap up, leaves inefficiencies, later revisits, price as of Oct 31/25 of $262.51



The QQQ index fund prior 52 week high wa 618.42

The low for this particular day was 624.03

No activity between those 2 levels ever on an index fund that trades 50m shares a day.